OF

## THE STATE OF IOWA,

AT

## DES MOINES, JANUARY TERM, A. D. 1894.

AND IN THE FORTY-EIGHTH YEAR OF THE STATE.

---

SAMUEL AURANDT, Appellee, v. CHICAGO, MILWAUKEE, & ST. PAUL RAILWAY COMPANY, Appellants.*

Railroads: NEGLIGENCE: EVIDENCE. A rule of the defendant required the foremen of section gangs, when any work was being done which would "render the track unsafe or impassable, or unsafe for trains at their usual rate of speed," to display signals at proper places to warn engineers of approaching trains that such work was being done. While the plaintiff was engaged, under the direction of a foreman of the defendant, in "surfacing" a bridge, he left the track to clear the way for an approaching train, but, through oversight, a spike maul was left on the track, was struck by the train, and so thrown against the plaintiff's arm as to break it. *Held*, that, as the work of "surfacing" made the track neither impassable nor dangerous, the court erred in submitting to the jury the question of the foreman's negligence in not displaying signals under the above rule. (1)

*This and seventeen cases following were reported by Hon. N. B. Raymond.

(617)

SAME: INSTRUCTIONS TO JURY. An instruction to the jury, in an action for personal injury, as to acts of negligence which are not made a ground for recovery under the allegations of the petition is erroneous. (2)

SAME. It is error to instruct a jury upon questions as to which no evidence has been introduced. (3)

*Appeal from Linn Distric. Court.*—Hon. J. H. PRESTON, Judge.

MONDAY, JANUARY 22, 1894.

ACTION to recover for injuries alleged to have been caused by negligence on the part of defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Mills & Keeler* for appellant.

*Rickel, Crocker & Christie* for appellee.

ROBINSON, J.—On the twenty-eighth day of April, 1890, the plaintiff was in the employment of defendant as a bridge carpenter, and was working on a bridge in its line of railway a short distance east of the station of Atkins. While so engaged, a stock train approached from the west. A warning was given to the men working on the bridge, and the plaintiff and others left it to clear the way for the train. Through oversight, a spike maul was left on the bridge, and was struck by the train, and was thrown a distance of forty or fifty feet against the right arm of plaintiff, which it broke, thus causing the injuries for which he seeks to recover. The petition alleges that the accident was caused by the negligence of the defendant in the following particulars: *First.* That Keller, the foreman who had charge of the workmen at the bridge, neglected his duty in not displaying, at a proper place, signals to warn engineers and other employees of approaching trains of the fact· that work was being done on its track and bridge, so that the engineers and trainmen might give warning to

the men engaged in such work, and so control the train as to enable the men to remove their tools and leave the track, before the train should reach them. *Second.* That the defendant failed to run the train at a proper rate of speed and in accordance with its general rule, and failed to give proper signals of its approach, and negligently ran the train at the rate of from thirty-five to forty miles an hour, when it should have been run at the rate of but six miles an hour. *Third.* That the engineer of the train was negligent in not using the means at his command to slacken the speed of the train, and in failing to give sufficient warning of its approach.

I. The court submitted to the jury the questions of Keller's negligence in not displaying signals at a sufficient distance from the bridge to warn the engineers and trainmen of an approaching train that persons were working on the bridge, in order that' signals of the approach of the train might have been given to the workmen in due time. In submitting that question we think the court erred. It is not shown that it was the duty of Keller to signal the engineer and trainmen. A rule of the defendant required that such signals be given "when any work is to be done which will render the track unsafe or impassable, or unsafe for trains at their usual rate of speed." But it is not shown that such a condition existed in this case. The work Keller and his men were engaged in doing was "surfacing" the bridge. A part of it was too low, and some of the stringers were raised by means of jackscrews, and pieces of boards less than an inch in thickness were placed under them. The work on the bridge did not make the track impassable, or even dangerous. It was not customary nor required by the rules of the defendant in such cases to signal approaching trains, nor to slacken their speed, but it was the duty of the workmen to clear the track for the trains. That was a usage well known to the plaintiff, who had been engaged in bridge work

for the defendant for more than a year at the time of the accident. Therefore, no negligence on the part of Keller was shown.

II. The court charged the jury as follows: "If you find from the testimony that at the time the plaintiff, Aurandt, received his injury, he was working under the immediate supervision and direction. of a foreman having full control and management of the work in which he was engaged, invested with power to supervise and direct the operations of the servants under him, and with authority to employ or discharge them, then you are instructed that the said foreman was a vice principal, and, while working within the scope of his authority, his negligence, if any you so find, was the negligence of the defendant company; and if you further so find that the injury complained of was directly or proximately caused by the combined negligence of the said foreman and one of said Aurandt's coemployes engaged in working on the bridge, or by the sole negligence of the said foreman, and that said Aurandt was free from contributory negligence, then the plaintiff is entitled to recover, and your verdict will be for the plaintiff." The petition does not allege that the foreman was guilty of any negligence except in failing to signal approaching trains, and, as there was no evidence of negligence in that respect, there was no question of negligence in that or other matters, whether he acted alone or with another, to submit to the jury, and the paragraph quoted should not have been given.

III. The appellant complains of the ninth paragraph of the charge, which is as follows:

"If you are satisfied from the evidence that plaintiff did not use ordinary and reasonable care in gathering up the tools, and getting out of the way of said train, still this would not prevent a recovery by plaintiff if you further find from the evidence that, notwithstanding the said negligence of plaintiff, the engineer of said

train discovered, or by the exercise of ordinary and reasonable care upon his part should have discovered, the negligent situation and peril of plaintiff, and thereafter failed and neglected to use ordinary and reasonable care to make use of the means and appliances in his power, and under his control, to so run his engine and train as to prevent injury to the plaintiff; and if you so find that he so failed to use said care after such discovery, and by reason of such failure plaintiff sustained injury, then he will be entitled to recover."

This should not have been given. There was no evidence that the engineer discovered, or that by the exercise of ordinary and reasonable care he could have discovered, that the plaintiff was in peril when the train approached the bridge. It is not claimed that he should have seen the spike maul, and slackened the speed of the train on that account; and, so far as he could have observed as the train approached the bridge, the plaintiff had seen the train, and had placed himself in a place of safety beyond it, on one side of the track.

In view of the conclusions announced, it is unnecessary to determine other questions discussed by counsel. For the errors pointed out, the judgment of the district court is REVERSED.